UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David P.,                                          Case No. 20-cv-1586 (TNL)

    Plaintiff,

v.                                                 **ORDER**

Kilolo Kijakazi,
Acting Commissioner of Social Security,

    Defendant.

---

Fay E. Fishman, Peterson & Fishman, 2915 South Wayzata Boulevard, Minneapolis, MN 55405 (for Plaintiff); and

Michael Moss and Tracey Wirmani, Special Assistant United States Attorneys, Social Security Administration, Office of the General Counsel, 1301 Young Street, Suite 350, Mailroom 104, Dallas, TX 75202 (for Defendant).

---

This matter comes before the Court on Plaintiff David P.'s Motion to Amend Complaint, ECF No. 22. The Commissioner objects to Plaintiff's motion as untimely. *See generally* ECF No. 29. For the reasons stated below, Plaintiff's motion is denied.

First, Plaintiff's motion was not filed in compliance with this Court's Local Rules. Local Rule 15.1, which addresses motions to amend, requires that "[a]ny motion to amend a pleading . . . be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading." D. Minn. LR 15.1(b). And Local Rule 7.1, which addresses civil motion practice, requires, among other things,

1

that the memorandum of law, any affidavits and exhibits, the meet-and-confer statement, and a proposed order be filed and served simultaneously with the filing of a non-dispositive motion. D. Minn. LR 7.1(b)(1).

Plaintiff's motion, memorandum, and an affidavit of counsel were filed on January 27, 2022. *See generally* ECF Nos. 22-24. Approximately one week later, without explanation, Plaintiff filed the meet-and-confer statement,[1] the proposed amended pleadings, and a proposed order. *See generally* ECF Nos. 25-27. Plaintiff's failure to comply with this Court's Local Rules is alone sufficient to deny his motion to amend. *See, e.g.*, *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504-05 (8th Cir. 2013) ("We have repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint."); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").

Second, the Court finds there has been undue delay and prejudice would result. With the exception of amendments as a matter of course, the Federal Rules of Civil Procedure permit a party to "amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rules further provide that leave shall be freely given "when justice so requires." *Id.* There is, however, no absolute right to amend and a finding of undue delay, bad faith, dilatory motive, undue prejudice

---

[1] While Local Rule 7.1 permits the later filing of a meet-and-confer statement under certain circumstances, D. Minn. LR 7.1(a)(1)(A), there is no indication in the record before the Court that such circumstances were present here. *See generally* ECF No. 25.

to the non-moving party, or futility may be grounds to deny a motion to amend. *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005); *see also Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1015 (8th Cir. 2015) ("A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." (quotation omitted)). The "decision whether to allow a party to amend [his] complaint is left to the sound discretion of the district court." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *accord Leftwich ex rel. Leftwich v. Cty. of Dakota*, 9 F.4th 966, 976 (8th Cir. 2021).

Plaintiff's motion was prompted by the issuance of *Brian T. D. v. Kijakazi*, No. 19-cv-2542, ___ F. Supp. 3d ____, 2022 WL 179540 (D. Minn. Jan. 20, 2022), by another magistrate judge in this District. While Plaintiff's motion was filed within 7 days of the decision in *Brian T. D.*, the opening of Plaintiff's memorandum and the proposed amendment itself reflect that Plaintiff's amendment is based on events occurring well before the Complaint was filed in this matter. *See, e.g.*, Pl.'s Mem. in Supp. at 1 (citing *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018); Soc. Sec. Ruling 19-1p, *Titles II & XVI: Effect of the Decision in Lucia v. Securities & Exchange Commissioner (SEC) on Cases Pending at the Appeals Council* (Soc. Sec. Admin. March 15, 2019)), ECF No. 23; *see also* Letter from Thomas H. Armstrong, General Counsel, U.S. Gov't Accountability Office, to Donald J. Trump, President (March 6, 2018) (Nancy A. Berryhill not authorized to serve as Acting Commissioner after Nov. 16, 2017 under Federal Vacancies Reform Act of

1998 ("FVRA"), 5 U.S.C. § 3345 *et seq.*), *available at* https://www.gao.gov/assets/700/690502.pdf.

Plaintiff has not offered any explanation as to why he could not have raised his proposed claims—that the ALJ who "decided [his] claim was not properly appointed due to [the] agency's failure to properly appoint ALJs as set forth in the Supreme Court's decision in *Lucia v. SEC* in 2018 and any subsequent re-ratification by [then-Acting Commissioner] Berryhill in July of 2018 was ineffective" under the FVRA and that the FVRA is unconstitutional as applied to then-Acting Commissioner Berryhill's "reappointment attempt"—back in 2020 at the outset of this litigation.  Pl.'s Mot. to Amend at 1, ECF No. 22.  As the Commissioner and *Brian T. D.* point out, the authority of then-Acting Commissioner Berryhill in light of the FVRA has been the subject of considerable litigation.  *See, e.g.*, Def.'s Opp'n at 6-7; *see also Brian T.D.*, 2022 WL 179540, at *15.  Plaintiff is represented by counsel and the Court will not make arguments for him.  That *Brian T. D.* might present more favorable authority to Plaintiff and was recently issued does not equate to a finding that Plaintiff exercised reasonable diligence in pursuing these claims in the context of this litigation as a whole.  Accordingly, the Court finds that the approximately 18 months between the filing of this lawsuit and Plaintiff's motion to amend amounts to undue delay.

Moreover, significant prejudice would result if the Court were to permit Plaintiff's amendment at this late juncture.  This Court's Local Rules provide a briefing schedule for cross motions for summary judgment upon the filing of the Answer and administrative record.  *See* D. Minn. LR 7.2(c).  These motions are fully briefed, *see generally* ECF

Nos. 16-17, 19-21, and ready for a determination by the Court. Were the Court to permit the proposed amendment, another round of briefing would be required to address the newly inserted issues, causing additional delay in the resolution of this matter.

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint, ECF No. 22, is **DENIED**.

Date: February  28 , 2022                                    *s/ Tony N. Leung*
                                                             Tony N. Leung
                                                             United States Magistrate Judge
                                                             District of Minnesota


                                                             *David P. v. Kijakazi*
                                                             Case No. 20-cv-1586 (TNL)