UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David A. P., | Case No. 20-cv-1586 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi,<br>Acting Commissioner of Social Security, [1] | |
| Defendant. | |

Fay E. Fishman, Peterson & Fishman, 2915 South Wayzata Boulevard, Minneapolis, MN 55405 (for Plaintiff); and

Michael Moss and Tracey Wirmani, Special Assistant United States Attorneys, Social Security Administration, 1301 Young Street, Suite 350, Mailroom 104, Dallas, TX 75202 (for Defendant).

This matter is before the Court on Plaintiff David A. P.'s Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b). ECF No. 33. For the reasons set forth below, the motion is granted in part, and this matter is remanded to the Commissioner for a new hearing before a properly appointed Administrative Law Judge ("ALJ") who is not the same ALJ that presided over Plaintiff's July 2019 hearing.

## I. INTRODUCTION

On July 16, 2020, Plaintiff brought the present case, contesting Defendant Commissioner of Social Security's denial of disability insurance benefits ("DIB") under

---

[1] The Court has substituted Acting Commissioner Kilolo Kijakazi for Andrew Saul. A public officer's "successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

1

Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") under Title XVI of the same, 42 U.S.C. § 1381 *eq seq*. The parties then filed cross motions for summary judgment. ECF Nos. 16, 19.

On January 27, 2022, while the motions for summary judgment were under advisement, Plaintiff filed a Motion to Amend Complaint. ECF No. 22. Plaintiff sought to amend his Complaint to challenge whether the ALJ was constitutionally appointed, arguing specifically that "[t]he ALJ that decided Plaintiff's claim was not properly appointed due to [the] agency's failure to properly appoint ALJs . . . and any subsequent re-ratification by [Acting Commissioner of Social Security] Berryhill in July of 2018 was ineffective as Berryhill's authority was lapsed under the Federal Vacancies Reform Act ('FVRA') when she issued the Order." *Id*. at 1; *see also* Pl.'s Mem. in Supp. at 1, ECF No. 23. Plaintiff asked the Court to consider Magistrate Judge Schultz's recent decision in *Brian T. D. v. Kijakazi*, 580 F. Supp. 3d 615 (D. Minn. 2022), *appeal filed sub nom. Dahle v. Kijakazi*, No. 22-1601 (8th Cir. Mar. 18, 2022),[2] which concluded that the ratification by Berryhill was invalid and the case must be remanded for a new hearing before a properly appointed ALJ. On February 28, 2022, citing, among other reasons, the "late juncture" of

---

[2] The Eighth Circuit Court of Appeals heard oral argument on December 14, 2022. At least three other cases from this District reaching the same conclusion as *Brian T. D.* have also been appealed, but held in abeyance pending a ruling on the *Brian T. D./Dahle* appeal. *See, e.g.*, *Tyrese L. L. v. Kijakazi*, No. 21-cv-1411 (DTS), 2022 WL 1463069 (D. Minn. Mar. 9, 2022), *appeal filed sub nom. Lindsay v. Kijakazi*, No. 22-1960 (8th Cir. May 5, 2022); *Lindsay*, No. 22-1960 (8th Cir. June 3, 2022) (order granting motion to hold appeal in abeyance); *Richard J. M. v. Kijakazi*, No. 19-cv-827 (KMM), 2022 WL 959914 (D. Minn. Mar. 30, 2022), *appeal filed sub nom. Messer v. Kijakazi*, No. 22-2127 (8th Cir. May 27, 2022); *Messer*, No. 22-2127 (8th Cir. June 6, 2022) (order granting motion to hold appeal in abeyance); *Stephanie G. v. Kijakazi*, No. 21-cv-1290 (WMW/BRT), 2022 WL 4112413 (D. Minn. June 21, 2022), *report and recommendation adopted*, 2022 WL 3572936 (D. Minn. Aug. 19, 2022), *appeal filed sub nom. Goldschmidt v. Kijakazi*, No. 22-3182 (8th Cir. Oct. 21, 2022); *Goldschmidt*, No. 22-3182 (8th Cir. Nov. 4, 2022) (order granting motion to hold appeal in abeyance). *But see Lisa W. v. Kijakazi*, No. 20-cv-1634 (DTS), 2022 WL 4288441 (D. Minn. Mar. 21, 2022), *appeal filed sub nom. Warner v. Kijakazi*, No. 22-2961 (8th Cir. Sept. 16, 2022), *appeal dismissed* (8th Cir. Dec. 8, 2022).

Plaintiff's proposed amendment, the Court denied Plaintiff's motion to amend his Complaint. ECF No. 30 at 4-5.

On March 31, 2022, the Court considered the merits of Plaintiff's case and denied his Motion for Summary Judgment, ECF No. 16, and granted the Commissioner's Motion for Summary Judgment, ECF No. 19. *See* ECF No. 31. Judgment was entered the same day. ECF No. 32.

On April 18, 2022, Plaintiff filed the instant Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b). ECF No. 33. Plaintiff requests relief from the Court's March 31, 2022 Order and Judgment "for the limited purpose of re-opening the matter and addressing the narrow issue of whether the [ALJ] who denied [Plaintiff's] request for disability lacked the constitutional authority to decide his case, requiring a remand for consideration by a constitutionally appointed ALJ." ECF No. 33 at 1; *accord* Pl.'s Mem. in Supp. at 1, ECF No. 34. Plaintiff makes the same argument he made in his Motion to Amend Complaint, namely, that Acting Commissioner Berryhill did not have authority to ratify the appointment of the ALJ who decided his case because her term to serve in the role of Acting Commissioner had expired based on the time limitations set forth in the FVRA. *Id*. at 5. Plaintiff argues that Magistrate Judge Schultz's "landmark decision" in *Brian T. D.* is an "exceptional circumstance" that warrants granting relief from judgment in this case. *Id*. at 3. Plaintiff contends that because the ALJ who heard his case was not constitutionally appointed, this matter must be remanded for a hearing before a constitutionally appointed ALJ. *Id*. at 8. Further, Plaintiff requests that his motion be held

3

in abeyance pending the decision of the Eighth Circuit Court of Appeals in *Brian T. D. Id.* at 4, 9.

The Commissioner opposes the motion, arguing that the recent district court decision in *Brian T. D.* is not an "extraordinary circumstance" justifying Rule 60(b) relief from judgment. Comm'r's Mem. in Opp. at 3, ECF No. 40.

## II. ANALYSIS

Rule 60(b) of the Federal Rules of Civil Procedure allows a federal court to grant relief from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b) provides "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Kunzer v. Magill*, No. 09-cv-1950 (DSD/FLN), 2010 WL 11646575, at *1 (D. Minn. Feb. 19, 2010) (citing *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008); *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986))

(internal quotations omitted). The district court "has broad discretion in determining whether to award relief under Rule 60(b)." *Id*. (citing *Jones*, 512 F.3d at 1048).

Plaintiff requests relief under the "catchall provision" of Rule 60(b)(6). *See Moton v. Park Christian School*, No. 20-cv-1201 (JRT/LIB), 2022 WL 5197370, at *2 (D. Minn. Oct. 5, 2022). "Relief under Rule 60(b)(6) is available only if 'exceptional circumstances prevent relief through the usual channels.'" *Id*. (quoting *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 905 (8th Cir. 1997)); *see also Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have presented the moving party from receiving adequate redress."). While a change in the governing law is "relevant to the question of whether an exceptional circumstance compels a grant of Rule 60(b)(6) relief," *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, No. 09-cv-2668 (SRN/LIB), 2015 WL 4545302, at *3 (D. Minn. July 28, 2015), it "is not *by itself* an extraordinary circumstance." *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999) (emphasis added). Thus, "Plaintiff must point to more than simply the existence of the opinion in *Brian T. D.* to warrant a finding of extraordinary circumstances." *See Elizabeth A.W. v. Kijakazi*, No. 20-cv-1733 (JRT/JFD), 2022 WL 3020504, at *3 (D. Minn. July 29, 2022).

Here, the Court finds that Plaintiff has demonstrated that exceptional circumstances exist to relieve him from judgment in this case. As another court in this District concluded, the Court finds that:

> *Brian T. D.* is a noteworthy and new interpretation of the effects of the FVRA on the constitutionality of Berryhill's appointment. Until recently, litigants were significantly limited in raising any constitutional challenges to the appointment of ALJs in this Circuit. Only one other Magistrate Judge has conducted an in-depth analysis of the FVRA, the constitutionality of Berryhill as Acting Commissioner, and the constitutionality of her ALJ ratification. Lastly, if the ALJ who rendered a decision in Plaintiff's case was not constitutionally appointed, this would require an entirely new hearing before an ALJ, which would be extremely significant to Plaintiff's case.

*See id.* (finding extraordinary circumstances and granting motion for relief from judgment where the plaintiff argued under *Brian T. D.* that Berryhill's ratification was ineffective and the case must be remanded for another hearing before a properly appointed ALJ) (citations omitted). In light of "[t]he latest development of the issue, the potential impact such a ruling could have on Plaintiff's case, . . . and the need for further development of the issue in this District," exceptional circumstances exist to grant relief from judgment in this case. *See id.*; *see also* ECF No. 33 at 1. Accordingly, Plaintiff's motion for relief from judgment under Rule 60(b)(6) is granted to the extent he requests relief from judgment "for the limited purpose of re-opening the matter and addressing the narrow issue of whether the [ALJ] who denied [Plaintiff's] request for disability lacked the constitutional authority to decide his case, requiring a remand for consideration by a constitutionally appointed ALJ." *See* Pl.'s Mem. in Supp. at 1.

The Court next turns to the narrow issue of whether the ALJ who denied Plaintiff's request for disability lacked the constitutional authority to decide his case, and Plaintiff's request to hold this motion in abeyance pending the outcome of the appeal in the *Brian T.*

6

*D.* case. On January 31, 2023, this Court issued a Report and Recommendation in *Sara Z. v. Kijakazi*, No. 22-cv-226 (DSD/TNL) (D. Minn. Jan. 31, 2023), ECF No. 30. This Court determined that the ALJ who heard and decided the claimant's case in *Sara Z.* lacked the authority to do so because Berryhill's purported ratification of that ALJ's appointment was ineffective under the FVRA. *Id*. at 30 ("[L]ike *Brian T. D.*, . . . the Court concludes that Berryhill was not properly serving as Acting Commissioner in July 2018 when she purportedly ratified and approved as her own the Social Security Administration's staff-selected ALJs, and such action was statutorily ineffective."). Because the ALJ in that case had heard and decided the claimant's case pursuant to Berryhill's ratification, this Court found that the ALJ lacked the authority to hear and decided the claimant's case, the ALJ's decision must be vacated, and the matter must be remanded to the Social Security Administration for a new hearing before a properly appointed ALJ who is not the same ALJ that presided over the last hearing. *Id*. at 30-31. In other words, this Court reached the same conclusion in *Sara Z.* that was reached in *Brian T. D.*

In this case, Plaintiff asserts, and the Commissioner does not dispute, that the ALJ who decided Plaintiff's case, ALJ Nicholas Grey, is similarly situated to the ALJ who presided over the plaintiff's claim in *Brian T. D.* (and the ALJ who presided over the plaintiff's claim in *Sara Z.*). *See* Pl.'s Mem. in Supp. at 8; *see also generally* Comm'r's Mem. in Opp. Because the ALJ in this case heard and decided Plaintiff's case pursuant to Berryhill's ratification, the Court concludes that Plaintiff is entitled to relief. The Court finds that because the ALJ was not constitutionally appointed, the ALJ lacked authority to decided Plaintiff's case. For the reasons set forth in this Court's Report and

7

Recommendation in *Sara Z.*, the ALJ's decision is vacated and Plaintiff's disability claim is remanded to the Social Security Administration for a new hearing before a different, properly appointed ALJ.

### III. ORDER

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b), ECF No. 33, is **GRANTED IN PART** and **DENIED IN PART**:

    a.  Plaintiff's request that the Court grant relief from the Court's March 31, 2022 Order and Judgment is granted.

    b.  Plaintiff's request that the Court hold this motion in abeyance pending the outcome of the Eighth Circuit Court of Appeals' decision in the *Brian T. D.* case is denied.

2.  The Court's March 31, 2022 Order, ECF No. 31, and Judgment, ECF No. 32, are **VACATED**.

3.  The ALJ's September 25, 2019 decision is **VACATED**.

4.  This matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing before a properly appointed ALJ who is not the same ALJ that presided over Plaintiff's July 2019 hearing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February __17__, 2023               *s/Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota

                                            *David A. P. v. Kijakazi*
                                            Case No. 20-cv-1586 (TNL)