## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

David A. P.,                                    Case No. 20-cv-1586 (TNL)

      Plaintiff,

v.                                                     **ORDER**

Kilolo Kijakazi,
Acting Commissioner of Social Security,

      Defendant.

---

Fay E. Fishman, Peterson & Fishman, 2915 South Wayzata Boulevard, Minneapolis, MN 55405 (for Plaintiff); and

Michael Moss, Special Assistant United States Attorney, Social Security Administration, 1301 Young Street, Suite 350, Mailroom 104, Dallas, TX 75202; and Tracey Chainani, Special Assistant United States Attorney, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235 (for Defendant).

---

This matter is before the Court on Defendant Acting Commissioner of Social Security Kilolo Kijakazi's Motion for Relief from Judgment Under Federal Rule of Civil Procedure 59(e), ECF No. 46. For the reasons set forth below, the motion is granted; the Court's February 17, 2023 Order, ECF No. 42, and accompanying judgment are vacated; and the Court's March 31, 2022 Order, ECF No. 31, is reinstated.

## I. BACKGROUND

On March 31, 2022, the Court issued a ruling on the merits in this case, denying Plaintiff David A. P.'s motion for summary judgment and granting the Commissioner's motion for summary judgement. *See generally* ECF No. 31.

Plaintiff subsequently filed a motion seeking relief from judgment under Rule 60 of the Federal Rules of Civil Procedure.  *See generally* ECF No. 33.  Plaintiff sought relief "for the limited purpose of re-opening the matter and addressing the narrow issue of whether the ALJ who denied Plaintiff's request for disability lacked the constitutional authority to decide his case, requiring a remand for consideration by a constitutionally appointed ALJ."  ECF No. 42 at 3 (quotation omitted).  Plaintiff's motion was based on *Brian T. D. v. Kijakazi*, 580 F. Supp. 3d 615 (D. Minn. 2022), *rev'd and remanded sub nom. Dahle v. Kijakazi*, 62 F.4th 424 (8th Cir. 2023).  In brief, *Brian T. D.* held that an "ALJ lacked authority to hear the [claimant's] case because [Nancy] Berryhill was not properly serving as Acting Commissioner when she issued the order ratifying the appointment of the ALJ."  *Dahle*, 62 F. 4th at 427.  *Brian T. D.* was appealed to the Eighth Circuit Court of Appeals.  *See generally* 62 F.4th 424.

While that appeal was pending, this Court found that the ALJ who decided Plaintiff's case was acting "pursuant to Berryhill's ratification" and, based on the reasoning set forth in this Court's Report & Recommendation in another matter reaching the same conclusion as *Brian T. D.*, "was not constitutionally appointed" and "therefore lacked authority to decide Plaintiff's case."  ECF No. 42 at 7; *see generally Sara Z. v. Kijakazi*, No. 22-cv-226 (DSD/TNL) (D. Minn. Jan. 31, 2023), *report and recommendation not adopted* (D. Minn. Mar. 23, 2023).   Accordingly, this Court concluded that Plaintiff was entitled to post-judgment relief, vacated its prior Order, and remanded this matter to the Commissioner for a new hearing before a properly appointed ALJ.  *See generally* ECF No. 42.

Approximately two weeks later, the Eighth Circuit decided the appeal in *Brian T. D.*  In *Dahle*, the Eighth Circuit held that "Berryhill was properly serving as Acting Commissioner when she ratified the appointments of the [Social Security Administration's] ALJs" and reversed and remanded *Brian T. D.*  62 F.4th at 429-30.  A request for rehearing en banc was subsequently denied.  *Dahle v. Kijakazi*, No. 22-1601, 2023 WL 3608900 (8th Cir. May 24, 2023), *pet. for cert. filed*, No. 23-173 (U.S. Aug. 24, 2023).

In light of *Dahle*, the Commissioner moves for relief under Federal Rule of Civil Procedure 59(e), requesting that the Court vacate the remand and reinstate the prior ruling on the merits.

## II. ANALYSIS

"Rule 59(e) allows a litigant to file a 'motion to alter or amend the judgment.'" *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting Fed. R. Civ. P. 59(e)).  "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quotation omitted); *accord Continental Indemnity Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021); *see also Banister*, 140 S. Ct. at 1703.  Such motions "give[] a district court the chance to rectify its own mistakes in the period immediately following its decision." *Banister*, 140 S. Ct. at 1703; *see id.* at 1709 ("Rule 59(e) derives from a common-law court's plenary power to revise its judgment during a single term of court, before anyone

could appeal."). "District courts have broad discretion in determining whether to alter or amend judgment under Rule 59(e) . . . ." *Ryan*, 889 F.3d at 507-08 (quotation omitted); *accord Continental Indemnity Co.*, 7 F.4th at 717. And, "[c]ourts have held that accommodating an intervening change in the law is an appropriate ground[] for modifying an earlier judgment." *Knish v. Stine*, 347 F. Supp. 2d 682, 686 (D. Minn. 2004) (citing cases); *see Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) ("Amending a judgment because of an intervening change in controlling law is well within the scope of Rule 59(e)."); *see also, e.g.*, *Gen. Motors, LLC v. FCAUS, LLC*, 44 F.4th 548, 563 (6th Cir. 2022); *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022).

As the Commissioner correctly points out, "[t]he Eighth Circuit's precedential decision in *Dahle* . . . involved precisely the same issue underlying [the Court's] remand." ECF No. 47 at 3. Accordingly, as the prior grant of post-judgment relief was based on the ALJ who decided Plaintiff's case being similarly situated to the ALJ in *Brian T. D.* and the theory that Berryhill was not properly serving as Acting Commissioner, *Dahle* amounts to an intervening change in controlling law upon which this Court is now compelled to amend its prior grant of post-judgment relief.

### III. ORDER

Based upon the record, memoranda, and the proceedings herein, and for the reasons

stated above, **IT IS HEREBY ORDERED** that:

1.  The Commissioner's Motion for Relief from Judgment Under Federal Rule of Civil Procedure 59(e), ECF No. 46, is **GRANTED.**

2.  The Court's February 17, 2023 Order, ECF No. 42, and accompanying Judgment, ECF No. 44, are **VACATED**.

3.  The Court's March 31, 2022 Order, ECF No. 31, is **REINSTATED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September  15 , 2023                              *s/ Tony N. Leung*
                                                        Tony N. Leung
                                                        United States Magistrate Judge
                                                        District of Minnesota


                                                        *David A. P. v. Kijakazi*
                                                        Case No. 20-cv-1586 (TNL)